**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4916**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

ANTONIO DONEIL LEE,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:08-cr-00242-TDS-1)

Argued:  January 25, 2011         Decided:  March 21, 2011

Before KING, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Harry L. Hobgood, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellant.  James Darren Byers, LAW OFFICE OF J. DARREN BYERS, PA, Winston-Salem, North Carolina, for Appellee.  **ON BRIEF:** Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Doneil Lee pled guilty to bank fraud (Count One), in violation of 18 U.S.C. § 1344(2), and was found guilty, after a bench trial, of aggravated identity theft (Count Two), in violation of 18 U.S.C. § 1028A(a)(1). The district court sentenced Lee to forty-eight months imprisonment on Count One in addition to a statutorily mandated consecutive sentence of twenty-four months on Count Two. Lee appeals his conviction for Count Two and challenges the amount of loss attributed to Count One at sentencing. Finding no error, we affirm the judgment of the district court.

I.

Lee argues the district court improperly denied his motion for judgment of acquittal on Count Two. We review de novo the district court's denial of a motion for judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). "[A]ppellate reversal on grounds of insufficient evidence . . . will be confined to cases where the prosecution's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978). The verdict will be affirmed if, when viewed in the light most favorable to the government, there is substantial evidence to support it. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Substantial evidence is defined as evidence that a

2

"'reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Green, 599 F.3d at 367 (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

18 U.S.C. § 1028A(a)(1), the statute charged in Count Two, imposes a mandatory two-year consecutive sentence on an individual who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" during or in relation to the commission of certain enumerated felonies. In Flores-Figueroa v. United States, 556 U.S. ----, 129 S. Ct. 1886 (2009), the Supreme Court held that this language requires the Government to "show that the defendant knew that the means of identification at issue belonged to another person." Flores-Figueroa, 129 S. Ct. at 1894. Lee argues the Government failed to offer sufficient evidence to prove that he knew that the identification documents he used to cash altered checks actually belonged to a real person, as required by the Supreme Court in Flores-Figueroa.

The Flores-Figueroa standard may impose a difficult burden on the Government in proving the elements of § 1028A(a)(1) in certain cases of identity theft. As the Ninth Circuit has noted, however, requiring proof of knowledge "that the identification document belonged to another person . . . . is not an insurmountable burden, especially in a case where the

3

identification document contains someone else's photo and does not appear to be a fake." United States v. Miranda-Lopez, 532 F.3d 1034, 1040 (9th Cir. 2008).[1] This observation properly reflects that circumstantial evidence can be fully sufficient for purposes of sustaining a conviction under a sufficiency of the evidence review. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) ("We must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established."). Thus, circumstantial evidence supporting a reasonable inference of knowledge that the means of identification belonged to another person will be sufficient to sustain a conviction under 18 U.S.C. § 1028A(a)(1).

After reviewing the record, we conclude that the evidence was sufficient to support Lee's conviction on Count Two. That evidence established that the Social Security and North Carolina identification cards used by Lee were both genuine in fact and appearance. In particular, the North Carolina identification card used to cash the altered check bore two images of the card's actual owner in addition to a series of complex holograms

---

[1] Although issued prior to Flores-Figueroa, the Ninth Circuit's decision in Miranda-Lopez, by requiring proof of knowledge that the identification belonged to another person, was consistent with the Supreme Court's later ruling on the meaning of § 1028(A)(a)(1).

not found on counterfeit versions. Additionally, the North Carolina identification card "contains someone else's photo and does not appear to be a fake." Miranda-Lopez, 532 F.3d at 1040. Furthermore, the record shows that Lee's modus operandi was to use genuine identification documents when he or his accomplices cashed altered checks. This evidence, a consistent modus operandi combined with the cards' factual and apparent genuineness, was sufficient for a reasonable finder of fact to conclude that Lee had knowledge that the identification belonged to an actual person.

Accordingly, we conclude that the district court did not err in denying Lee's motion for acquittal. We therefore affirm Lee's conviction under Count Two for violating U.S.C. § 1028A(a)(1).

## II.

The other issue raised by Lee is whether the district court erred in its determination of the amount of loss attributable to him for sentencing purposes under Count One. Lee challenges the district court's finding at sentencing that a $20,000 check, found in his car at the time of his arrest, was part of the

5

"same common scheme or plan" as the charged conduct.[2]  We review factual findings made at sentencing for clear error.  United States v. Pauley, 289 F.3d 254, 258 (4th Cir. 2002).

"The sentencing guidelines establish that certain relevant conduct may be considered in determining the guidelines range for a criminal defendant."  United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004).  Conduct that is a "part of the same course of conduct or common scheme or plan as the offense of conviction" is considered relevant under the guidelines.  U.S.S.G. § 1B1.3(a)(2).  Several factors are considered when determining whether uncharged conduct is part of "the same course of conduct or common scheme or plan," including "the nature of the defendant's acts, his role, and the number and frequency of repetitions of those acts."  Pauley, 289 F.3d at 259 (quotation omitted).  Additionally, we evaluate the "similarity, regularity and temporal proximity between the offense of conviction and the uncharged conduct."  Id.

The district court did not err in finding that the $20,000 check was part of a "common scheme or plan" with the charged conduct.  Like the more than forty stolen checks successfully cashed by Lee, the record reflects that the $20,000 check had

---

[2] The district court's finding as to the $20,000 check had the effect of raising Lee's offense level under the sentencing guidelines from fourteen to sixteen.

6

also been stolen and chemically washed to remove the original payee's name. This is strong evidence that Lee's role, purpose, and modus operandi were substantially the same with respect to the $20,000 check as with the successfully cashed checks. Lee's attempt to distinguish this $20,000 check by emphasizing that it was a pre-printed business check rather than a hand-written personal check is unpersuasive.[3] The district court properly considered the relevant factors under United States v. Pauley and correctly concluded that the $20,000 check was part of a "common scheme or plan" pursuant to U.S.S.G. § 1B1.3. Accordingly, we affirm the sentence imposed by the district court.

III.

For the aforementioned reasons, the judgment of the district court is

AFFIRMED.

---

[3] We also reject Lee's arguments that the check be excluded from the loss calculations because it was severely damaged and he had never tried to cash it. The Sentencing Guidelines provide that the amount of loss for determining sentencing enhancements is the greater of the actual *or* intended loss. U.S.S.G. § 2B1.1 cmt. n. 3(A) (2008). Intended loss is defined as "the pecuniary harm that was intended to result from the offense . . . and . . . includes intended pecuniary harm that would have been impossible or unlikely to occur." Id. at § 2B1.1 cmt. n. 3(A)(ii). We think that Lee's alterations to and retention of the check, in conjunction with his well-established modus operandi, provided the district court with ample evidence to conclude that it was an intended loss under the check cashing scheme.